(117 App. Div. 912)

### HALL v. STRONG.

(Supreme Court, Appellate Division, Third Department.   January 9, 1907.)

PLEADING—SCANDALOUS ALLEGATIONS—ACCOUNTING BY TRUSTEES.

In an action against a surviving testamentary trustee and the executors of the deceased trustee, an accounting was sought for trust funds held by the deceased trustee, and the executors answered that the surviving trustee was not competent to take charge of the funds, and by reason of their interest as remaindermen they asked his removal. *Held*, that a motion to strike the allegation as to the survivor's incompetency as irrelevant and scandalous was properly denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1156, 1157.]

Appeal from Special Term, Tompkins County.

Action by Hannah M. Hall against Cyrus M. Strong, as surviving trustee under the will of Eleanor M. Strong, deceased, and others, as executors of the will of Silas Strong, deceased. Appeal by plaintiff from an order denying plaintiff's motion to strike out certain matter from the executors' answer as irrelevant and scandalous. Affirmed.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

PER CURIAM. The court will not upon this motion determine the sufficiency of this answer. Nor will it determine the rights of the defendants as remaindermen under the will of Eleanor M. Strong. The action seeks an accounting from the defendants for trust funds held by their testator. Such trust funds as may be found would naturally be directed paid to the surviving trustee. The defendants, however, by answer, complain that the surviving trustee is not competent to take charge of said trust funds, and that by reason of their interest as remaindermen they ask his removal. If the allegation in defendants' answer be true, and if defendants have an interest as remaindermen in this trust fund, they would seem to show good grounds why any sum which they shall be decreed to pay shall not be paid to this surviving trustee; and it is difficult to see why the court should not in this action investigate as to whom these moneys should be paid. Assuming, then, that the issue as to the competency of this surviving trustee is a material issue, the allegations of the answer are not irrelevant, and, if relevant, the fact that those allegations reflect upon character is no ground for expunging them from the record.

The order should be affirmed, with $10 costs.